# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOVENCIO LIMOSNERO,<br><br>　　　　　Defendant. | Case No. 20-cr-0475 BLF (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 2/28/2025 |

　　　In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on Feb. 28, 2025, held an in-person hearing to determine detention or release on supervisory conditions for defendant Limosnero.  Limosnero is charged in this case with violating the terms of his supervised release.  The defendant appeared at the hearing with his appointed counsel AFPD Sophia Whiting.

　　　Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged with violation of supervised release has the burden of establishing by "clear and convincing evidence" that he or she will not flee or pose a danger to any other person or to the community.  Here, Limosnero did not establish evidence to overcome this burden and the Court, on the present record, finds that the defendant presents an unmitigated risk of flight if released.  Limosnero was ordered arrested in September 2024 after he moved his

residence without notice to Probation and his whereabouts were unknown at the time of the petition. The government also proffered that the defendant was arrested boarding a cruise ship that would leave the United States. Consequently, the Court orders the defendant to be detained.

The Court, however, set a further status for March 5, 2025, on the duty calendar and ordered an in-custody assessment for NewBridge Foundation, with the endorsement of Probation. Both parties and Probation might present additional information that would impact the release or detention analysis.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: Feb. 28, 2025

_____
Nathanael M. Cousins
United States Magistrate Judge